UNION AGRICULTURAL & INDUSTRIAL COLLEGE *v.* ARKANSAS BAPTIST COLLEGE.

4-3815

Opinion delivered April 8, 1935.

818

*Harper E. Harb* and *Paul L. Barnard,* for appellants.

*John A. Hibbler* and *R. W. Wilson,* for appellees.

MEHAFFY, J. This suit was begun in the Pulaski Chancery Court by appellant, praying that the articles of incorporation of the Arkansas Baptist College, so far as they refer to the Progressive Convention, the stockholders' Association of the Progressive Convention, and the Union Agricultural & Industrial College, Inc., of Arkansas, be canceled as a cloud upon the title of said college and its property; that they be declared null and void and of no effect, and that all right, title, interest and claim of the Arkansas Baptist College and its trustees to the Union College and its property be divested out of said Arkansas Baptist College and its trustees and invested in the Union College and its trustees, and that the appellees be enjoined from interfering with the Agricultural & Industrial College of Arkansas, its property wherever found, its trustees and the stockholders' Association of the Progressive Convention.

The appellees filed motion to dismiss and answer and, among other things, pleaded that the judgment of the Pulaski Circuit Court and of the Supreme Court settled the questions involved in this suit, and these judgments were pleaded as *res judicatae.*

The chancery court ordered and directed that all pleadings, judgments and decrees of the chancery court and the circuit court affecting the litigation between the Arkansas Missionary Baptist Convention and the Arkansas Missionary Baptist Convention Progressive, and the respective trustees and holding corporations of both of said corporations, shall be and constitute the record in the instant case, and copies of said decrees, judgments or orders, or other papers in said case may be made a part of the record without certification where counsel on each side admit their authenticity.

Thereupon, the appellants offered to prove by numbers of witnesses that they were trustees of the Agricul-

tural & Industrial College and members of the Arkansas Missionary Baptist Convention Progressive, and offered to prove that others were officers of the Arkansas Missionary Baptist Convention Progressive, and that they had been in continuous possession of the college, and are now in possession; that they were not made parties to the *ex parte* proceedings in the Pulaski Circuit Court on June 5, 1932; that they did not intervene in said proceedings, and had no knowledge that the college was involved nor that there was an allegation of merger; that they had no knowledge of and were not parties to the case of Arkansas Missionary Baptist Convention v. Arkansas Baptist College in the Pulaski Chancery Court; that the Progressive Convention has at all times since its organization in 1915 met as a separate and distinct convention. They offered to prove that before the merger the Union Agricultural & Industrial College was the property of the Arkansas Missionary Baptist Convention Progressive; also that the Arkansas Baptist College, Inc., was the property of the Arkansas Missionary Convention, Inc.; that the Union Agricultural & Industrial College is free of debt, and the Arkansas Baptist College, Inc., is greatly in debt.

The court held that the testimony offered was incompetent on the ground that the issues raised in the case at bar involved the question of the merger of the Arkansas Missionary Baptist Convention, Inc., and the Arkansas Missionary Baptist Convention Progressive, and the said question of merger is *res judicata* by a judgment of the circuit court of Pulaski County and a decree of the Supreme Court of Arkansas.

The appellants, at the time, objected and excepted and caused their exceptions to be noted of record. The court then sustained the plea of *res judicata,* dismissed appellants' complaint for want of equity, and this appeal is prosecuted to reverse the decree of the chancery court sustaining the plea of *res judicata.*

It would serve no useful purpose to set out all of the pleadings, orders, judgments and decrees of the courts. There are some twenty or thirty records, some of which are quite lengthy. The issues involved in this

case are the same as the issues decided by this court in the case of *Jamison* v. *Henderson,* No. 3408, and *Arkansas Baptist College* v. *Arkansas Missionary Baptist Convention,* No. 3459, 189 Ark. 204. We said in that case: "The appeal in case number 3408 brings into question the validity of these circuit court judgments, but the evidence adduced upon trial in the circuit court has not been brought before us by bill of exceptions or otherwise."

We also said in the same case: "From the foregoing recitals, it definitely appears that the Pulaski Circuit Court acquired jurisdiction of the subject-matter and parties in the litigation presented in case number 3408, and its judgment in the premises is conclusive and binding upon all parties thereto."

It was contended in that case, as it is here, that the circuit court judgment declaring the incorporation and the merger of the old conventions is void, which appears upon the face of the judgment.

We also said in the case cited: "It follows from what we have said that the circuit court judgment of June 5, 1933, and as amended subsequent thereto does not appear to be void upon its face, but on the contrary is a valid and binding judgment and order upon all parties thereto and must be affirmed."

We said with reference to 3459, which was an appeal from the chancery court, that the chancellor was of the opinion that the circuit court judgment appeared to be void on its face, and a demurrer was sustained to the plea of *res judicata.* This decree of the chancery court was reversed, and it was held that the chancery court erred in sustaining the demurrer to the plea of *res judicata.*

We do not discuss or decide all the questions raised by the appellants because, after a careful examination of all of the records introduced and the judgments and decrees of the courts, we have reached the conclusion that this case is ruled by the case above cited, and, on the authority of that case, the decree of the chancery court must be affirmed.

It is so ordered.